```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

**TERRY L. CRAFT, #L4910**                                          **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 4:05cv144TSL-AGN**

**G.E.O. GROUP and**
**EAST MISSISSIPPI CORRECTIONAL FACILITY**                          **DEFENDANTS**

## OPINION AND ORDER

On September 9, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On October 7, 2005, an order was entered directing the plaintiff to file an amended complaint on or before October 28, 2005. The plaintiff was warned in this court's order of October 7, 2005, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. The plaintiff failed to comply with this order.

On November 30, 2005, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for failure to comply with this court's October 7, 2005 order. In addition, the plaintiff was directed to comply with the October 7, 2005 order by filing an amended complaint, within fifteen days. The plaintiff failed to comply with this order.

The plaintiff has failed to comply with two court orders. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of the plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 24th  day of  January, 2006.


　　　　　　　　　　　　　　　　 /s/ Tom S. Lee
　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE

2